## INHABITANTS OF ANDOVER *vs.* COUNTY COMMISSIONERS OF ESSEX.

The report of the location of a highway, made and ordered to be recorded by the county commissioners, described the highway as beginning at a certain point, "and run thence by B.'s survey" by certain courses and distances, one line of which, in the midst of the description, was entirely omitted, but appeared on B.'s survey, filed with the report in the office of the county commissioners; and the report was subsequently amended, by permission of a distinct board of county commissioners, by inserting that line. *Held*, that the location was valid.

PETITION for a *certiorari*, to quash the proceedings of the county commissioners, in the location and establishment of a highway from Andover to Lawrence. The petition averred that, on the application of certain inhabitants of Andover to have such a highway laid out, Asa W. Wildes and John I. Baker, county commissioners, and William Pool, special commissioner, who acted in the place of Benjamin Mudge, who was unable to attend, in 1854 adjudged the highway prayed for to be of common convenience and necessity, and reported to the court of county commissioners that they had laid it out, and this report

---

was filed, accepted, and ordered to be recorded, and the town of Andover ordered to complete the highway within a certain time; that the pretended highway, laid out in said report and record, is not a highway between the termini prayed for, and is an impossible way, and cannot be located or made upon the ground by any surveyor or other person; that, in 1855, Asa W. Wildes, Benjamin Mudge and Stephens Baker, county commissioners, upon the petition of the city of Lawrence, and without notice to the town of Andover, ordered said report and record to be amended, by inserting an additional line among the courses and distances, and that the same be taken and deemed as description in part of said way.

The county commissioners filed an answer, substantially admitting the facts as stated in the petition, except that they averred that the commissioners caused the highway to be staked out, surveyed and mapped out, with its courses and distances, by James K. Barker, surveyor; and they annexed to their answer a copy of the report made, filed, accepted, and ordered to be recorded, (so much of which as describes the highway is copied in the margin,* the words in brackets being those inserted by amendment;) and averred that Barker's survey, referred to in said report, was on file in the office of the clerk of the commissioners when the report was ordered to be recorded, and had since re-

---

* Commencing at a stake on the northerly side of the existing road opposite the Common, by land of Johnson in North Andover, and run thence by Barker's survey north 51½° west, 204 rods, over lands of Johnson and of Crosby, across the main road, and over other land of Crosby and land of others to a stake on land of the Phillips's estate, thence north 45° west 142½ rods to a stake by the existing road to Lawrence, by land of Slade, thence north 47° west about 332½ rods, crossing said road diagonally, and over lands of Slade, the old railroad track, lands of Green and of Sargent in Andover, the Shawsheen River, and lands of the Essex Company in Lawrence to a stake 82½ rods northwesterly of said river, [thence north 87½° west about 72 rods to a stake,] thence turning on an acute angle, and running northeasterly, in a line with the centre line of the new bridge now being erected across the Merrimack River, toward Union Street in Lawrence, about 120 rods, to the southerly end of said bridge, this last course crossing lands of said company. the track of the Boston and Maine Railroad, the old river road, &c.

mained there. And they produced the survey, to which, on inspection, the report, so amended, was shown to conform.

*M. Morton, Jr.* for the petitioners. 1. The original laying out of the highway in question is void. The return of the commissioners who act in laying out a highway, when accepted by the court of county commissioners and recorded, is the only evidence of such laying out, and cannot be controlled or enlarged by extraneous evidence ; and a plan filed with the return, unless expressly made a part of it, is not admissible. *Hazen* v. *Boston & Maine Railroad,* 2 Gray, 574. *Dennett* v. *Hopkinson,* 14 Maine, 341. The highway, as laid out by the return of the commissioners, cannot be drawn, nor made upon the ground by any surveyor, so as to make a continuous highway between the termini prayed for in the petition, which is the foundation of the proceedings of the county commissioners. Rev. Sts. *c.* 24, §§ 1–6. *Hinckley* v. *Hastings,* 2 Pick. 162. *Wright* v. *Tukey,* 3 Cush. 299. *Henshaw* v. *Hunting,* 1 Gray, 203. *Lewiston* v. *County Commissioners,* 30 Maine, 19. The laying out, being one entire act, is wholly void. Rev. Sts. *c.* 24, §§ 1–6. *Braintree* v. *County Commissioners,* 8 Cush. 546. *Commonwealth* v. *West Boston Bridge,* 13 Pick. 195. *Commonwealth* v. *Peters,* 2 Mass. 125.

2. The attempted amendment was unlawful, and cannot avail to make the laying out valid. The jurisdiction of the county commissioners over the subject matter ceased, when they had accepted the return of the locating commissioners. Rev. Sts. *c.* 24, § 37. *Orono* v. *County Commissioners,* 30 Maine, 308. The error is one which cannot be cured by amendment. *Limerick, petitioners,* 18 Maine, 183. *Coffin* v. *Jones,* 11 Pick 45. The error is in the report of the locating committee, and not a mere mistake of the clerk in making up the record. One body cannot amend the ministerial acts of another and different body. *Varnum* v. *Bissell,* 14 Pick. 191. *Hutchinson* v. *Crossen,* 10 Mass. 252. *Hartwell* v. *Littleton,* 13 Pick. 229. *Taylor* v. *Henry,* 2 Pick. 397. *Welles* v. *Battelle,* 11 Mass. 477. *Danvers* v. *Commissioners of Highways,* 6 Pick. 20. *Sts.* 1786, *c.* 67 ; 1825, *c* 171 ; 1827, *c.* 77.

The amendment, if allowed, operates as a new laying out, and, having been made without notice to the parties interested, is invalid.

*D. Saunders, Jr. & G. W. Benson,* for the respondents.

THOMAS, J. This is a petition for a *certiorari,* to quash the proceedings of the county commissioners in the location and establishment of a highway from Andover to Lawrence. The averment is, that the location of the way is fatally defective, that it is an impossible way. The defect alleged is the omission of a portion of the line, the dropping of a link of the chain, so that there is no continuous route between the termini prayed for.

1. The first question is, Is the location so defective? Taking the description in the location only, without reference to the survey and plan upon which it is based, and the defect is obvious. But taking the whole record together, the description, and the plan and survey which is referred to and made part of it, and the defect is supplied, the break in the line is filled. And no rule of construction is more familiar, than that if a deed or location of lands or way refers to a plan or map, such plan or map constitutes a substantive part of the description. Upon comparison of the written location and the survey, it is seen at once that the first fails to describe a section of the line, distinctly drawn, with courses and distances, upon the second. There is no real conflict between the two, but the one supplies an omission of the other.

2. Upon the petition of the city of Lawrence, the written description of the location was amended by the county commissioners, by adding the description of the omitted section of line, in conformity to the plan and survey.

We have no doubt of the authority of the county commissioners to make this amendment, or of the propriety of their so doing. They have the same control of their records as this court of its own. The amendment was made to remove a defect obvious upon the face of the record. It was made in conformity to the truth, and upon written documents, upon the files of the court and making part of its records. *Petition dismissed.*